BLD-069                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3351
_____

IN RE: CARY LEE PETERSON,
                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civ. No. 2:16-cv-01428)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 27, 2022
Before:  MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed:  March 25, 2022)
_____

OPINION*
_____

PER CURIAM

Pro se petitioner Cary Lee Peterson is a defendant in a civil securities fraud

lawsuit filed by the Securities and Exchange Commission in 2016.  The Government

pursued criminal charges against him based on the facts underlying this lawsuit, and

accordingly, the District Court administratively terminated the action in 2019 without

prejudice to reopening later for good cause.  Peterson was found guilty of the criminal

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

charges, and we affirmed Peterson's conviction and sentence.  See United States v.

Peterson, 824 F. App'x 138 (3d Cir. 2020) (non-precedential).  After that, in August

2021, the District Court granted the Government's motion to reopen the civil action.

Peterson has now filed a petition for a writ of mandamus in this Court.  For the following

reasons, we will deny it.

A writ of mandamus is a drastic remedy that is available only in extraordinary

circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

2005).  A petitioner must ordinarily have no other means to obtain the desired relief, and

he must show a clear and indisputable right to issuance of the writ.  See In re Sch.

Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992) (citing Will v. United States, 389 U.S.

90, 96 (1967)).

Peterson asks us to direct the District Court to grant certain relief.[1]  To the extent

that he complains about delay, the record shows that Peterson has sought, and the District

Court has recently ruled on, much of the relief that he asks for here.[2]  We will therefore

deny those parts of the petition.  See generally Blanciak v. Allegheny Ludlum Corp., 77

F.3d 690, 698-99 (3d Cir. 1996).  Insofar as he may disagree with any of the rulings

---

[1] Peterson appears to seek a ruling that his case be tried before a jury, that it be reassigned
to a different judge or transferred to another venue, to require the SEC to post a litigation
bond, and for District Court to take judicial notice of certain facts.  See Mandamus Pet. at
8.

[2] In orders entered after Peterson filed this mandamus action, the Magistrate Judge ruled
on Peterson's request for jury trial and venue transfer (ECF No. 45) and the motion for
judicial notice of certain facts (ECF No. 63).  See Orders 12/21/21 (ECF Nos. 77 & 78).

2

made, he may not seek appellate review of them in this action, because mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81 (2004).

He is not otherwise entitled to any relief here. To the extent that Peterson's request for a ruling from this Court "to recast the judicial bench," see Mandamus petition at 8, could be interpreted as seeking recusal of the District Judge or Magistrate Judge assigned to this case, Peterson has provided utterly no basis for it. He has offered no facts upon which a reasonable person would conclude that the judges' impartiality could reasonably be questioned under 28 U.S.C. § 455(a). See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). As for his request to force the SEC to post a litigation bond, Peterson has not demonstrated that he has a clear and indisputable right to that relief. See In re Sch. Asbestos Litig., 977 F.2d at 772.

Accordingly, we will deny the petition for writ of mandamus.